UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA CORSO and STEVEN CORSO, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOUDEYE CORPORATION, et al.,<br><br>Defendants. | No. C06-1442P<br><br>ORDER OF CONSOLIDATION |
| PARMANDAND BAGAI, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOUDEYE CORPORATION, et al.,<br><br>Defendants. | No. C06-1468P |
| JANET M. PANCONI, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOUDEYE CORPORATION, et al.,<br><br>Defendants. | No. C06-1680P |

ORDER - 1

This matter comes before the Court on a motion by the "Corso Group"[1] to consolidate the three above-captioned matters pursuant to Fed. R. Civ. P. 42(a). Through the same motion, the Corso Group requests that they be appointed as lead plaintiffs in the consolidated actions pursuant to the Private Securities Litigation Reform Act (PSLRA) and that the Court approve their selection of lead counsel. Because the PSLRA provides that a motion to consolidate must be decided before appointment of lead plaintiffs, the Corso Group requests that the Court address the motion to consolidate first.

Defendants do not oppose consolidation of these actions. However, Defendants maintain that the PSLRA "provides a basis for consolidation independent of Rule 42" and ask that the Court "consolidate without making any finding concerning the existence of common issues." (Defs.' Resp. at 3). Defendants suggest that Plaintiffs are seeking consolidation under Rule 42 in order to "foreclose future arguments concerning commonality under Federal Rule of Civil Procedure 23(a)(2), which Defendants may make in response to plaintiffs' anticipated class certification motion." Id.

Defendants cite no persuasive authority for the proposition that the Court may order consolidation of these actions independently of Rule 42. Defendants' argument relies on In re Lucent Technologies, Inc. Securities Litigation, 221 F. Supp. 2d 472 (D.N.J. 2001), in which the court stated that the PSLRA "directs that cases should be consolidated where there is 'more than one action on behalf of a class asserting substantially the same claim or claims.'" Id. at 480 (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). However, the section of the PSLRA cited in Lucent simply states as follows:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

---

[1] The movants describe the "Corso Group" as Maria and Steven Corso and Louise Rehling. Maria and Steven Corso are named plaintiffs in C06-1442P. However, Ms. Rehling is not a named plaintiff in any of the actions listed above.

ORDER - 2

15 U.S.C. § 78u-4(a)(3)(B)(ii). By its terms, nothing in this section "directs" that cases should be consolidated where there is more than on action on behalf of a class asserting substantially the same claim or claims, nor does it suggest that a consolidation decision may be made independently of Rule 42. Indeed, the <u>Lucent</u> court discussed Rule 42 extensively in determining that consolidation was warranted. <u>See</u> <u>Lucent</u>, 221 F. Supp.2d at 480-82; <u>see also</u> <u>In re Microstrategy Inc. Securs. Litig.</u>, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (noting that "[a]lthough the timing of consolidation is governed by the PSLRA, the principles governing the consolidation determination are found not in the PSRLA, but in Rule 42, Fed. R. Civ. P.").

Under Rule 42(a), a court may order consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Here, it is obvious that the three actions involve a common question of law or fact, given that the complaints in each case are nearly identical. Consolidation would also promote judicial economy.

Therefore, the Court finds and ORDERS as follows:

(1) Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-captioned three actions (C06-1442, C06-1468, and C06-1680) are consolidated for all purposes.

(2) The caption of these consolidated actions shall be "In re Loudeye Corporation Securities Litigation" and the files of these consolidated actions shall be maintained in one file under C06-1442P. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE

| | |
|---|---|
| IN RE LOUDEYE CORPORATION<br>SECURITIES LITIGATION | NO. C06-1442P |

ORDER - 3

(3) The Court will rule on the Corso Group's motion for appointment of lead plaintiff by separate order.

(4) The Clerk is directed to send copies of this order to all counsel of record.

. Dated: January 19, 2007

                                              s/Marsha J. Pechman
                                              Marsha J. Pechman
                                              United States District Judge

ORDER - 4